Charles W. Coe
LAW OFFICE OF CHARLES W. COE
810 W 2nd Avenue
Anchorage, Alaska 99501
Ph: (907) 276-6173
Fax: (907) 279-1884
charlielaw@gci.net

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LOREEN PALLAS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) Case No. 3:12- ci-_____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **COMPLAINT** <br> ) |

COMES NOW, the plaintiff, LOREEN PALLAS, by and through her attorney, CHARLES W. COE, to state and allege the following as his cause of action for his complaint.

I

This court has jurisdiction over this cause of action pursuant to 28 USC 1346(b) and 28 USC 2671, et seq., (The Federal Tort Claims Act) as hereinafter more fully appears.

II

Venue is proper in the United States District Court for this District of Alaska pursuant to 28 USC 1402(b). The plaintiff was a resident within the District of Alaska when this incident occurred and when the acts or omissions complained of occurred within the District of Alaska and the United States is a defendant.

III

Federal Tort Claims were filed with the United States Department of Health and Human Services on October 13th, 2011. This claim was administratively denied on approximately February 2nd, 2012 and suit is permitted under U.S.C. 2675(a).

IV

The United States of America is a defendant in this matter in that the Department of Health and Human Services is a department of the United States government and is vicariously liable for the acts/omissions of their employees, representatives, contractors, and agents under the theories of respondeat superior, agency, negligence, joint enterprise, negligent entrustment, and negligent

*Pallas v. United States of America*
3:12-ci-_____
Complaint
Page 2 of 6
Case 3:12-cv-00122-HRH   Document 1   Filed 06/11/12   Page 2 of 6

supervision. The term defendant in this complaint means the United States and/or Department of Health and Human Services acting through their employees, representatives, contractors, and/or agents at the Cordova Community Health Center and Ilanka Health Center, which is operated by the Native Village of Eyak.

V

All events relevant to the cause of action of this complaint occurred in the state of Alaska, at Cordova, Alaska.

VI

On or about October 14, 2009, plaintiff was seen at the Cordova Community Health Center/Ilanka Health Center on an emergency basis and was air evacuated to Anchorage for treatment of pneumonia.

VII

Prior to being air evacuated to Anchorage over a 3-4 day period, plaintiff attempted to be seen at the Ilanka Health Center and the Cordova Community Medical Center for sever respiratory and flu symptoms. Her family directly contacted defendants, Phillip Hess, M.D., and Joan Phillips, as well as the health clinics about her condition and was specifically told that she could not be seen at these facilities because they feared she had the H1N1 virus. The Cordova Community Medical Center and Ilanka Health Center specifically prohibited individuals with flu like symptoms from entering their facility which also houses

CHARLES W. COE
ATTORNEY AT LAW
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
(907) 276-6173

the Ilanka Health Center. The medical providers also directed that she not come in with her symptoms, even though they were severe and became worse, due to their fear of viruses such as the H1N1.

VIII

As a result of the defendants' restrictions on seeing the plaintiff and failure to provide treatment, such as medication, her condition became worse, required emergency care, air evacuation to Anchorage, and hospitalization for ten days at Alaska Regional Hospital.

IX

Defendants had a duty to provide the plaintiff with medical treatment and treatment which, at a minimum, was equal to ordinary standards of care provided by health care providers evaluating and treating patients such as the plaintiff. In refusing to see and/or treat the plaintiff and in preventing plaintiff from coming into their facility prior to the evening of October 14, 2009, the defendants breached this duty, which caused her damages set forth in paragraph XIII of this complaint.

X

The defendants were negligent in barring patients with flu-like symptoms from coming into their facility to be seen. This resulted in plaintiff's condition

worsening and becoming critical, and the damages set forth in paragraph XIII of this complaint.

XI

Defendants violated plaintiff rights for treatment at a medical center under the laws of the state of Alaska by prohibiting her from coming into their public facilities to be seen, evaluated, and treated. This resulted in the damages set forth in paragraph XIII of this complaint.

XII

Defendants owed a duty to the plaintiff to notify her that her condition could be pneumonia and that if it worsened they would see her. Defendants breached this duty by misrepresenting and committing fraud in not notifying her of the seriousness of her condition or when she could be seen, which resulted in the damages set forth in paragraph 18 of this complaint.

XIII

As a direct and proximate result of defendants' acts and omissions, plaintiff incurred the following damages:

1. Pneumonia and respiratory conditions requiring hospitalization;

2. Medical expenses including hospitalization and air evacuation;

3. Lost wages;

4. Pain, suffering, loss of enjoyment of life, impairment; and

CHARLES W. COE
ATTORNEY AT LAW
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
(907) 276-6173

Pallas v. United States of America
3:12-ci-_____
Complaint
Page 5 of 6
Case 3:12-cv-00122-HRH   Document 1   Filed 06/11/12   Page 5 of 6

5. Other damages to be proved at trial.

WHEREFORE, plaintiff prays for a judgment against the defendants as follows:

1. Compensatory damages in an amount within the jurisdiction of the US District Court pursuant to 28 USC§ 1346(6) and 28 USC§ 2671;

2. Attorney fees and costs as allowed under the Federal Rules;

3. Prejudgment and post judgment interest allowed under the federal rules;

4. For such other relief as this court deems just and equitable.

DATED this 5 day of June, 2012.

CHARLES W. COE
Attorney for Plaintiff

*[signature]*

Charles W. Coe
ABA#7804002

CHARLES W. COE
ATTORNEY AT LAW
810 W. 2ND AVENUE
ANCHORAGE, ALASKA 99501
(907) 276-6173

*Pallas v. United States of America*
3:12-ci-_____
Complaint
Page 6 of 6
Case 3:12-cv-00122-HRH   Document 1   Filed 06/11/12   Page 6 of 6